# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | | |
|---|---|---|
| **Goans Acquisition, Inc.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action Number** |
| v. | ) | **12-00539-CV-S-JTM** |
| | ) | |
| **Merchant Solutions, LLC,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

On May 11, 2012, plaintiff Goans Acquisition, Inc. ("Goans") instituted the present federal litigation against defendants Merchant Solutions, LLC ("Merchant Solutions"), Daniel Eastman ("Eastman"), and ("Brian Bartos"). According to the COMPLAINT, Goans maintains a business location in Greene County, Missouri, that includes telephone service with the capability of sending and receiving a facsimile transmission ("fax"). Goans alleges that in July of 2009, Merchant Solutions, Eastman, and Bartos caused an unsolicited fax advertisement to be sent to Goans' Greene County business location. The one-page fax from "Merchant Solutions LLC" was addressed to "Automotive Store Owners" and offered them assistance with getting by the "economic crunch" by offering the possibility of a "cash advance." The fax also stated:

> To opt out from future faxes go to www.removemyfaxnumber.com
> enter PIN# 15298, or call 877-284-7886. The recipient may make
> a request to the sender not to send any future faxes and that failure
> to comply with the request within 30 days is unlawful.

Goans' COMPLAINT does not indicate whether it "opted out" of receiving further faxes, but the one-page fax addressed to "Automotive Store Owners" apparently was sent to Goans on only the one occasion.

Goans' COMPLAINT alleges that the transmission of the one-page fax addressed to "Automotive Store Owners" is actionable and it asserts five alleged causes of action:

(1) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227;

(2) conversion under Missouri state tort law;

(3) violation of the Missouri Computer Tampering Act, MO. REV. STAT. § 569.097;

(4) conduct constituting an invasion of privacy and/or an "intrusion on seclusion" under Missouri tort law, and

(5) negligence under Missouri tort law.

Goans seeks injunctive relief, damages, and the certification of a class action under FED. R. CIV. P. 23 for "all persons to whom Defendants transmitted unsolicited facsimile advertisements between August 24, 2005, and the date [the] Complaint was filed."[1] Presently pending before the Court are (1) the motion of Eastman and Bartos to dismiss the claims against them for lack of *in personam* jurisdiction [Doc. 9], and (2) the motion of Merchant Solutions to dismiss the claims asserted against it pursuant to FED. R. CIV. P. 12(b)(6) [Doc. 11].

With regard to jurisdiction over Eastman and Bartos, it is undisputed that they are residents of the State of Connecticut. In that regard, it is well-settled that in order to determine the susceptibility of non-resident defendants to suit in a particular jurisdiction, the Court must engage in a two step-process. First, the Court must examine whether the defendants are subject to the Court's jurisdiction under the state long-arm statute. *Stevens v. Redwing*, 146 F.3d 538,

---

[1] Goans (and its same attorneys) have (or have had) similar lawsuits in the Circuit Court of Greene County, Missouri against companies also seeking damages and class action certification based on the transmission of "junk faxes." See, *e.g.*, *Goans Acquisition, Inc. v. Hard Wok Cafes, Inc.*, Case No. 0931-CV17797 (Mo. Cir. Ct.); *Goans Acquisition, Inc. v. Moon RiverEnterprises, Inc.*, 0831-CV13646 (Mo. Cir. Ct.); *Goans Acquisition, Inc. v. Employerware, LLC*, Case No. 0931-CV05791 (Mo. Cir. Ct.).

543 (8th Cir. 1998) (*citation omitted*). In Missouri, the relevant statute is MO. REV. STAT. § 506.500. If the Court concludes that the requirements of the long-arm statute are satisfied, then the Court must determine "whether the exercise of personal jurisdiction comports with the requirements of due process." *Stanton v. St. Jude Medical, Inc.*, 340 F.3d 690, 693 (8th Cir. 2003). When making these determinations, the Court must review written submissions in a light most favorable to the non-moving party.[2] *Id.* (*citing Wines v. Lake Havasu Boat Mfg., Inc.*, 846 F.2d 40, 42 (8th Cir. 1988) (*per curiam*)). Additionally, the Court is permitted to consider matters outside the pleadings. *Stevens*, 146 F.3d at 543. Goans has the burden of pleading and establishing a *prima facie* case for *in personam* jurisdiction. *Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006). Moreover, when, as in this case, personal jurisdiction has been controverted, Goans must prove "facts" supporting the exercise of personal jurisdiction. *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1090 (8th Cir. 2008).

Turning to the first consideration in analyzing *in personam* jurisdiction, the Missouri long-arm statute, in part, provides:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

---

[2] However, not everything in a party's written submission must be accepted as true. In order "to survive a motion to dismiss, a complaint must contain sufficient <u>factual matter</u>, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). As such, a pleading that merely pleads "labels and conclusions," or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of factual enhancement will not suffice. *Id.* Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

3

>                (1)     The transaction of any business within this state ;
>
>                . . .
>
>                (3)     The commission of a tortious act within this state . . . .

MO. REV. STAT. § 506.500.1(1)-(3). Goans argues that Eastman and Bartos have exposed themselves to the jurisdiction of Missouri courts by both of the enumerated acts. The Court, thus, must determine whether Goans "has made a *prima facie* showing that the claims in his suit fall within the scope of the Missouri long-arm statute." *Stevens*, 146 F.3d at 543.

In making that determination, the Court is mindful that "United States District Courts located in Missouri are required to construe the state's long arm statute in the same manner that Missouri state courts do." *Koch Supplies, Inc. v. Charles Needham Indus.*, 1990 WL 274485, at *2 (W.D. Mo. Nov.14, 1990) (*citing Institutional Food Marketing Associates, Ltd. v. Golden State Strawberries*, 747 F.2d 448 (8th Cir. 1984)). Moreover, Missouri courts have construed the state's long-arm statute to extend jurisdiction of the state's courts over non-resident defendants to the extent possible under the due process clause of the United States Constitution. *Moog World Trade Corp. v. Bancomer*, 90 F.3d 1382, 1384 (8th Cir. 1996) (*citations omitted*).

Goans' COMPLAINT alleges that the "Defendants transmitted or caused to be transmitted to Plaintiff's fax machine an unsolicited fax." The COMPLAINT contains no allegations specifically naming either Eastman or Bartos, and (other than noting that Bartos is the registered agent for service of process for Merchant Solutions) the COMPLAINT offers no specific information about Eastman or Bartos or their direct involvement, if any, in the transmission of the subject one-page fax addressed to "Automotive Store Owners." The fax itself is attached to the COMPLAINT, but it contains only the name of Merchant Solutions and makes no mention of Eastman or Bartos. Moreover, in support of the motion to dismiss, both Eastman and Bartos filed affidavits that affirmatively represent:

4

> (1) neither man had any specific knowledge that the subject fax was being transmitted to the State of Missouri;
>
> (2) neither man was directly involved with sending the subject fax;
>
> (3) neither man personally sent the fax;
>
> (4) neither man approved the sending of the fax; and
>
> (5) neither man had knowledge of the contents of the subject fax

In response, Goans relies merely on the allegations set forth in its COMPLAINT. However, the Court concludes that such allegations are exactly the type of "labels and conclusions" and "formulaic recitations of the elements of a cause of action" and "naked assertions devoid of factual enhancement" that the Supreme Court has cautioned are <u>not</u> sufficient. As such, the Court concludes that Goans has not met its burden of pleading or (when the issue is disputed) proving that Eastman and Bartos are subject to jurisdiction under the Missouri long-arm statute.

Goans, in the alternative, argues that it should be entitled to conduct discovery relevant to the issue of *in personam* jurisdiction. The Court denies this request. As noted by a Missouri state court in applying the Missouri long-arm statute:

> In order to be entitled to discovery, plaintiff is required to have alleged facts in the petition which, if true, establish jurisdiction. In the absence of such alleged facts, plaintiff is not entitled to discovery.

*Mello v. Giliberto*, 73 S.W.3d 669, 674 (Mo. App. [E.D.] 2002). *See also C.H. Robinson Worldwide, Inc. v. Maxxum Group,* LLC, 2010 WL 2925092, op. at *3-4 (D. Minn. Jul. 21, 2010) (denying jurisdictional discovery); *Mother Doe v. Al Maktoum*, 632 F.Supp.2d 1130, 1146-47 (S.D. Fla. 2007) (denying jurisdictional discovery).

Moreover, Goans has previously pursued litigation against these same defendants regarding this same one-page fax addressed to "Automotive Store Owners." *See Goans Acquisition, Inc. v. Merchant Solutions,* Case No. 0931-CV12823 (Mo. Cir. Ct.). That case was filed on August 24, 2009 (the month after the subject fax was sent) and dismissed -- apparently without prejudice -- on April 16, 2012 (one month before this case was filed). Goans has had more than sufficient opportunity to discover facts that might support the exercise of *in personam* jurisdiction in the State of Missouri over Eastman and Bartos with regard to the transmission of the one-page fax addressed to "Automotive Store Owners."

Having concluded that the Missouri long-arm statute is not satisfied, the Court need not consider whether the exercise of *in personam* jurisdiction over Eastman and Bartos runs afoul of the due process clause of the United States Constitution. Nonetheless, as an alternative holding, the Court will address the issue. To satisfy due process, a defendant "must have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement,* 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945) (*quoting*, *in part*, *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343 (1940)). Accordingly, a defendant's contacts with the forum state must be more than simply random, fortuitous, or attenuated. *Digi-Tel Holdings, Inc. v. Proteq Telecomm, Inc.*, 89 F.3d 519, 522 (8th Cir.1996) (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183 (1985)).

> The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there.

6

*Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003) (*citing Burger King*, 471 U.S. at 475, 105 S.Ct. at 2183; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567 (1980)). The Eighth Circuit examines the following five factors to determine whether the constitutional requirements for *in personam* jurisdiction have been met:

(1) the nature and quality of the defendant's contacts with the forum state;

(2) the quantity of contacts;

(3) the relationship between the cause of action and the contacts;

(4) the forum state's interest in providing a forum for its residents; and

(5) the convenience of the parties.

*Digi-Tel*, 89 F.3d at 522-23. In making a due process examination, "[t]he first three factors are closely related and of primary importance, while the last two factors are secondary." *Pecoraro*, 340 F.3d at 562 (*citing Digi-Tel*, 89 F.3d at 523).

The Court concludes that the exercise of *in personam* jurisdiction over Eastman and Bartos would offend due process <u>based on the record before the Court</u>. There is certainly not sufficient evidence of substantial and continuous contact with the State of Missouri to establish "general jurisdiction" as to Eastman and Bartos.[3] As such, the issue is whether Eastman and Bartos have exposed themselves to "specific jurisdiction" in the State of Missouri. In that regard, the only jurisdictional support presented by Goans is the formulaic contentions contained in its COMPLAINT.

---

[3] A defendant that maintains substantial and continuous contacts with a state may subject itself to the exercise of general jurisdiction within the state. *See*, *e.g.*, *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 446, 72 S.Ct. 413, 418 (1952); *Burlington Industries, Inc. v. Maples Industries, Inc.*, 97 F.3d 1100, 1103 (8th Cir. 1996) (discussing the differences between specific and general jurisdiction).

7

Even if the Court were to accept those allegations as establishing that Eastman and Bartos committed extraterritorial tortious conduct having consequences in Missouri so as to satisfy the Missouri long-arm statute, it well settled that:

> As a general matter, the commission of extraterritorial tortious conduct having consequences in Missouri is alone insufficient to satisfy due process.

*Insituform Technologies, Inc. v. Reynolds, Inc.*, 398 F.Supp.2d 1058, 1066 (E.D. Mo. 2005). *See also Peabody Holding Co., Inc. v. Costain Group PLC*, 808 F.Supp. 1425, 1437 (E.D. Mo. 1992) ("[A] plaintiff may not invoke tortious long-arm jurisdiction consistent with due process where the non-resident defendant had no contact with Missouri besides the extraterritorial acts having consequences in Missouri.") (*citing numerous cases*); *May Dept. Stores*, 900 F.Supp. at 1161. Consistent with this case law, the Court concludes that exercising *in personam* jurisdiction over Eastman and Bartos would offend the due process clause of the United States Constitution. As such, the claims against them are dismissed.

As previously noted, Merchant Solutions has moved to dismiss each of the five counts asserted against it for failing to state a claim upon which relief may be granted. When reviewing a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), the Court must accept as true all factual allegations contained in the COMPLAINT, and review the COMPLAINT to determine whether its allegations show the pleader to be entitled to relief. *Bell Atlantic Corp. v. Twombly*, *supra*, 550 U.S. at 555-56, 127 S.Ct. at 1964-65; Fed. R. Civ. P. 8(a)(2). As discussed previously, *Twombly* requires a plaintiff to plead facts sufficient to "raise a right to relief above the speculative level." *Id*. at 555, 127 S.Ct. at 1965. While the pleadings need not show relief is probable, they must show the plaintiff's claims are "plausible." *Id*. at 556, 127 S.Ct. at 1965; *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, 129 S.Ct. at 1949. To that end:

> A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged.

*Id.* Courts must accept a plaintiff's specific factual allegations as true but are not required to accept a plaintiff's legal conclusions. *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Further, documents attached to or incorporated within a complaint are considered part of the pleadings, and courts may look at such documents "for all purposes" [FED. R. CIV. P. 10(c)], including to determine whether a plaintiff has stated a plausible claim. *M.M. Silta v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010); *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1063 n.3 (8th Cir. 2005).

In this case, Goans' COMPLAINT contains two "General Allegations" applicable to each count:

> On or about July, 2009, Plaintiff GOANS ACQUSITION, INC., maintained telephone service at Plaintiff's business location in Greene County, Missouri for sending and receiving facsimile transmissions ("faxes"); and
>
> On or about July, 2009, Defendants transmitted or caused to be transmitted to Plaintiff's fax machine an unsolicited fax advertisement attached hereto as "Exhibit A."

In addition, the COMPLAINT has attached the subject one-page fax.

Count I of the COMPLAINT alleges that Merchant Solutions violated the TCPA. In broad terms, to prevail under this statute, a plaintiff – to make a *prima facie* showing of a violation -- must show that a defendant (1) used a telephone facsimile machine, computer or other device to send a facsimile; (2) the facsimile was unsolicited; and (3) the facsimile constituted an advertisement. 47 U.S.C. § 227(b)(1)(C). Although the COMPLAINT is bare bones, the Court concludes that Goans has plead the minimum factual content to permit the Court to draw a reasonable inference that Merchant Solutions is superficially liable for the misconduct alleged.

9

Count II of the COMPLAINT alleges that Merchant Solutions committed the tort of conversion under Missouri law. In addition to the previously cited "General Allegations," Count II of the COMPLAINT further alleges:

> Goans "owned an unqualified and immediate right to possession of [its] fax machines, paper, toner, and employee time,"
>
> By sending the unsolicited fax[], [Merchant Solutions] permanently misappropriated [Goans'] fax machine[], toner, paper, and employee time to [Merchant Solutions'] own use without authorization,"
>
> [Merchant Solutions] knew or should have known that [its] misappropriation of paper, toner, and employee time was wrongful and without authorization
>
> [Goans was] deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose; and
>
> [Merchant Solutions'] unsolicited fax advertisement[] effectively stole [Goans'] employees' time because multiple persons employed by [Goans] were involved in receiving, routing, and reviewing [Merchant Solutions'] illegal faxes.

The primary argument asserted by Merchant Solutions is that "the sending of a single facsimile transmission to the publicly disclosed fax number of a business cannot be said to constitute a common law conversion regardless of whether the transmission was solicited and regardless of whether the transmission was printed by the business recipient using some *de minimus* amount of toner and a sheet of paper." In support of this proposition, Merchant Solutions cites *Rossario's Fine Jewelry, Inc. v. Padlock Publications, Inc.*, 443 F.Supp.2d 976, 980 (N.D. Ill. 2006) (construing Illinois tort law). However, it is unclear whether Missouri tort law adheres to such a *de minimus* limitation on conversion claims. As one Missouri court has noted:

> There is nothing in the definition of conversion or the methods of establishing it which indicates that damages must actually be caused. Indeed, it has been repeatedly held that where a conversion is established plaintiff is entitled . . . at least to nominal damages. Thus, it is clear that the emphasis is on the nature of the act of conversion, not its result.

*Lacks v. R. Rowland & Co., Inc.*, 718 S.W.2d 513, 521 (Mo. App. [E.D.] 1986) (*citations omitted*). Although the Court has serious reservations[4] about the conversion claim, for the present time, the Court will allow the claim to stand.

Count III of the COMPLAINT alleges that Merchant Solutions violated the Missouri Computer Tampering Act. In addition to the previously cited "General Allegations," Count III of the COMPLAINT further alleges that the transmission of the one-page facsimile "tamper[ed] with and modif[ied], destroy[ed], or damag[ed] the internal storage device, paper, and toner of [Goans'] telephone facsimile machine without [Goans'] authorization." In addition, the Complaint alleges that the transmission of the one-page facsimile "tamper[ed] with and access[ed], caus[ed] to be accessed, den[ied] service, or caus[ed] service to be denied to [Goans'] telephone facsimile machine." The language employed in these allegations merely tracks the statutory language. *See*, *e.g.*, MO. REV. STAT. §§ 569.097, 569.099.

The Court grants the motion to dismiss Count III of the COMPLAINT. Goans offers no factual content that might allow the Court to draw a reasonable inference that the transmission and receipt of the subject one-page facsimile in any manner tampered with, modified, destroyed, denied service or damaged Goans' fax machine. Mere recitation of the statutory language is insufficient. *Compare Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

---

[4] The Supreme Court has emphasized that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965 (*citation omitted*).

Count IV of the COMPLAINT alleges that Merchant Solutions committed the tort of invasion of privacy or intrusion of seclusion, adding the dubious[5] factual allegation that its "telephone number is a secret and private matter because [Goans] utilizes this number and provides this number to others only for legitimate business purposes." Nonetheless, the Court grants the motion to dismiss Count IV of the COMPLAINT. <u>At best</u>, Goans' allegations plead only a minor and annoying excursion into Goans' allegedly "private affairs." This does not state a cognizable claim under Missouri law. *Biederman's of Springfield, Inc. v. Wright*, 322 S.W.2d 892, 896 (Mo. 1959); *Sofka v. Thal*, 662 S.W.2d 502, 511 (Mo. 1983) (*en banc*).

Finally, in Count IV of the COMPLAINT, Goans alleges that Merchant Solutions committed negligence. To that end, Goans pleads:

> As the operator or controller of a telephone facsimile machine, computer, or other device used to send telephone facsimile communications, [Merchant Solutions] owed a duty of care to conduct their facsimile marketing campaign in a reasonable manner so as not to cause unauthorized use and consumption of the facsimile machine toner and paper of others.

The existence of a duty, of course, is essential to any claim for negligence. While no Missouri case has recognized the duty alleged by Goans, at least one court in another jurisdiction has explicitly rejected such a duty. *Chair King, Inc. v. GTE Mobilnet of Houston, Inc.*, 135 S.W.3d 365, 395-6 (Tex. App. [14 Dist.] 2004). In the absence of any clear ruling from the Missouri Supreme Court, this Court concludes that Missouri likewise would not recognize such a general tort duty under Missouri law. Accordingly, Goans fails to state a claim for negligence in Count V of the COMPLAINT and that claim is dismissed.

In accordance with the foregoing, it is

---

[5] Merchant Solutions offers evidence as to accuracy of this allegation (*i.e.*, Goans' fax number was publicly available and easily attainable), but the Court does not reach the issue.

**ORDERED** that *Defendants Brian Bartos And Daniel Eastman's Motion To Dismiss*, filed June 18, 2012 [Doc. 9] is **GRANTED**.  It is further

**ORDERED** that *Defendant Merchant Solutions, LLC's Motion To Dismiss*, filed June 18, 2012 [Doc. 11] is **GRANTED IN PART AND DENIED IN PART**.  Accordingly, Counts III and IV are dismissed pursuant to Fed. R.Civ.P. 12(b)(6).  It is further

**ORDERED** that Defendants' *Motion For Stay*, filed August 21, 2012 [Doc. 23] is **DENIED AS MOOT**.

  */s/ John T. Maughmer*
   **John T. Maughmer**
   **United States Magistrate Judge**