IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **Goans Acquisition, Inc.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action Number** |
| v. ) | **12-00539-CV-S-JTM** |
| ) | |
| **Merchant Solutions, LLC,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

On May 11, 2012, plaintiff Goans Acquisition, Inc. ("Goans") instituted the present federal litigation against defendant Merchant Solutions, LLC ("Merchant Solutions").[1] According to its COMPLAINT, Goans maintains a business location in Greene County, Missouri, that includes telephone service with the capability of sending and receiving a facsimile transmission ("fax"). Goans alleges that in July of 2009, Merchant Solutions caused an unsolicited fax advertisement to be sent to Goans' business location. The one-page fax was addressed to "Automotive Store Owners" and offered them assistance with getting through the "economic crunch" by offering the possibility of a "cash advance." The fax also stated:

> To opt out from future faxes go to www.removemyfaxnumber.com
> enter PIN# 15298, or call 877-284-7886. The recipient may make
> a request to the sender not to send any future faxes and that failure
> to comply with the request within 30 days is unlawful.

Goans' COMPLAINT does not indicate whether it "opted out" of receiving further faxes, but the particular one-page fax addressed to "Automotive Store Owners" apparently was sent to Goans on only the one occasion.

---

[1] Two other defendants, Daniel Eastman and Brian Bartos, were previously dismissed by the Court for lack of personal jurisdiction.

Goans' COMPLAINT alleges that the one-time transmission of the one-page fax addressed to "Automotive Store Owners" is actionable. Originally, Goans asserted five alleged causes of action. However, the Court previously dismissed three of Goans' causes of action. Still remaining before the Court are Goans' allegations that the fax transmission constituted:

(1) a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; and

(2) conversion under Missouri state tort law.

As to both remaining causes of action, Goans seeks injunctive relief, damages, and the certification of a class action under FED. R. CIV. P. 23 for "all persons to whom Defendants transmitted unsolicited facsimile advertisements between August 24, 2005, and the date [the] Complaint was filed." Presently pending before the Court is the motion of Merchant Solutions to dismiss the remaining claims asserted against it pursuant to FED. R. CIV. P. 12(b)(1). For the reasons set out herein, the motion to dismiss is granted in part and denied in part.

Goans first filed an identical action against Merchant Solutions over this particular one-page fax in the Circuit Court of Greene County, Missouri, the month after the subject fax was sent, on August 24, 2009. *Goans Acquisition, Inc. v. Merchant Solutions,* Case No. 0931-CV12823 (Mo. Cir. Ct. [Greene Cty.]). On February 2, 2012, Merchant Solutions tendered an offer of judgment pursuant to MO. R. CIV. P. 77.04 to Goans "in the amount of $20,000.00 and costs allowed by law which have been incurred to date in this cause." Goans did not accept the offer of judgment. Thereafter, Merchant Solutions moved the state court to dismiss the action for mootness. On April 16, 2012, before the motion to dismiss was ruled upon by the state court, Goans dismissed its case without prejudice as permitted under Missouri law. Although the state court case (like the case before this Court) plead for the creation of a class action, during the two-and-one-half years that the case was pending, Goans never moved for class certification.

Four weeks after dismissing the state court case, on May 11, 2012, Goans filed the present action with this Court. Nearly six months later, on November 1, 2012, Merchant Solutions tendered an offer of judgment pursuant to FED. R. CIV. P. 68 to Goans "in the amount of $20,000.00 and costs allowed by law which have been incurred to date in this cause." Again, Goans made no effort to accept the offer (by rule, the offer was open for acceptance for 14 days). On December 17, 2012, Merchant Solutions then filed the presently pending motion to dismiss. On January 2, 2013, Goans asked the Court to extend its deadline to respond to the motion to dismiss to January 14, 2013. The Court granted the motion. However, it was not until March 18, 2013, that Merchant Solutions responded to the motion.[2] One month later, on April 15, 2015, Goans moved the Court for class certification with regard to the TCPA.

The TCPA creates a private right of action under which a party can bring suit to recover its "actual monetary loss" or "to receive $500 in damages" per violation, whichever is greater. 47 U.S.C. § 227(b)(3)(B). If the violation was willful or knowing, the TCPA allows a court, in its discretion, to "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) [*i.e.*, $500 per violation]". 47 U.S.C. § 227(b)(3). In a nutshell, Merchant Solutions argues that its unaccepted offer of judgment moots the claims asserted in this litigation by Goans, depriving the Court of subject matter jurisdiction.

Most federal circuits have found that an offer of judgment that would provide all the relief a plaintiff requests (or is entitled to) has the effect of mooting the action even if the offer is not accepted. *See, e.g., Warren v. Sessoms & Rogers, P.A.,* 676 F.3d 365, 370-71 (4th Cir. 2012); *O'Brien v. Ed Donnelly Enters.,* 575 F.3d 567, 575-76 (6th Cir. 2009); *Thomas v. Law Firm of*

---

[2] On that date, Merchant Solutions filed its proposed response along with a motion for leave to file the pleading out-of-time, noting that the prior deadline "was simply missed." The Court grants the motion for leave and accepts the late-filed response to the motion to dismiss.

3

*Simpson & Cybak,* 244 Fed. Appx. 741, 743-44 (7th Cir. 2007); *Goodman v. People's Bank,* 209 Fed. Appx. 111, 115 (3d Cir. 2006). The source for this conclusion lies in the Supreme Court's explanation of mootness under Article III of the Constitution.

Article III of the Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 528 (1988); *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334 (1975). The case-or-controversy requirement ensures that "self-interested parties vigorously advocating opposing positions" present issues "in a concrete factual setting." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 403, 100 S.Ct. 1202, 1212 (1980). Moreover, the "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253 (1990). Thus, if at any point in the litigation, an action no longer satisfies the case-or-controversy requirement, the action is moot and a federal court must dismiss the action. *Compare Minnesota Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir.1999).

Article III of the Constitution, thus, "requires parties to have a continuing 'personal stake in the outcome' of the lawsuit." *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003) (*quoting*, *in part*, *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703 (1962)). Such a "personal stake" requirement "serves primarily the purpose of assuring that federal courts are presented with disputes they are capable of resolving." *Geraghty*, 445 U.S. at 397, 100 S.Ct. at 1209. Merchant Solutions argues in its motion to dismiss that Goans' case is moot because "the most [Goans] could recover from [Merchant Solutions] for the fax which is alleged to have been received by [Goans] in violation of the TCPA is $1,500.00."

4

In response, Goans notes that Merchant Solutions' offer of judgment is only an "offer[] to pay $20,000.00 in damages and court costs on [Goans'] claim for violation of the TCPA." [3] Goans argues that the motion to dismiss must be denied because it also seeks (1) damages for conversion under state law, (2) injunctive relief under the TCPA, and (3) class action relief. The Court will address each contention in turn.

With regard to the allegations regarding the state law conversion claim, Goans is correct – but only to a point. The fact that Goans seeks a recovery for conversion that is not covered by the offer of judgment from Merchant Solutions does mean that a motion to dismiss the <u>entire</u> case is unwarranted. *Compare Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1951 (1969) ("Where several forms of relief are requested and one of these requests subsequently becomes moot, the Court . . . still [may] consider[] the remaining requests."). However, as recently reasoned by another district court:

> [The defendant's] offer to fully satisfy [the plaintiff's] TCPA claim deprives [the plaintiff] of a personal stake in the outcome of that claim. . . . The fact [the defendant] has not also offered to resolve [the plaintiff's other] claim is irrelevant. [The plaintiff] appears to believe mootness is an all-or-nothing concept; either an entire case is moot, or it is not. This belief has no basis. Mootness is assessed by claim, not by case.

---

[3] The parties are in agreement that both of the offers of judgment from Merchant Solutions were addressed to the TCPA claims, although the offers themselves do not seem so constrained. The text of the offer of judgment [Doc. 34-3] states:
> *COMES NOW Defendant Merchants Solutions, LLC and pursuant to* FED.R.CIV.P. *68, hereby makes Plaintiff Goans Acquisition, Inc. an offer of judgment in the amount of $20,000.00 and costs allowed by law which have been incurred to date in this cause. This Offer of Judgment is made for the purposes specified in* FED.R.CIV.P. *68, and is not to be construed as an admission that Defendant is liable in this action, that Plaintiff has suffered any damages, or that Defendant is indebted in any way to Plaintiff.*

Nevertheless, the Court will accept the parties' interpretation.

5

*Masters v. Wells Fargo Bank South Cent., N.A.*, 2013 WL 3713492, op. at *4 (W.D. Tex. Jul. 11, 2013). Thus, to the extent that Merchant Solutions' motion to dismiss seeks to dismiss Goans' conversion claim, it is denied. However, the continuing presence of the conversion claim does not necessarily defeat the motion to dismiss for mootness as it relates to Goans' TCPA claim.

In this case, as part of its TCPA claim, Goans seeks "a preliminary and permanent injunction prohibiting [Merchant Solutions] from transmitting unsolicited facsimile transmissions." Goans correctly argues that the offer of judgment from Merchant Solutions does not address this request for injunctive relief and, thus, the TCPA claim is not mooted by the Rule 68 offer. While the argument has some superficial appeal, it is fatally flawed in one critical respect – the injunctive relief sought by Goans cannot be granted by the Court.

Without question, under the TCPA, "[p]rivate parties are authorized to seek injunctive relief and statutory damages for violations". *Ashland Hosp. Corp. v. Service Employees Intern. Union, Dist.*, 708 F.3d 737, 741 (6th Cir. 2013); 47 U.S.C. § 227(b)(3)(A). However, the injunctive relief available under the statute is limited to actions to enjoin violations of the TCPA. Goans seeks an injunction enjoining Merchant Solutions from sending <u>any</u> unsolicited facsimile transmissions. Such an injunction would be of dubious constitutionality. More importantly, such an injunction is not within the scope of the TCPA. The statute prohibits the "use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement" <u>unless</u>:

(1) the unsolicited advertisement is from a sender with an established business relationship with the recipient;

(2) the sender obtained the number of the telephone facsimile machine through—

6

> (a) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or
>
> (b) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution, and
>
> (3) the unsolicited advertisement contains a notice meeting the requirements set out in the TCPA.

47 U.S.C. § 227(b)(1)(C)(i)-(iii). Moreover, the statute excepts cases of an unsolicited advertisement that is sent based on an established business relationship with the recipient that was in existence before July 9, 2005 – if the sender possessed the facsimile machine number of the recipient before such date of enactment. 47 U.S.C. § 227(b)(1)(C)(ii))(II). While the TCPA limits the ability of entities to send unsolicited advertisements by facsimile, it does not prohibit all such transmissions. As such, the statute does not authorize injunctive relief seeking an unlimited prophylactic prohibition such as that sought by Goans.

Because the injunctive relief sought by Goans is in and of itself outside the Court's jurisdiction, the failure of the offer of judgment to address the claim is meaningless. An illustrative case is *Jones v. CBE Group, Inc.*, 215 F.R.D. 558 (D. Minn. 2003). In *Jones*, the plaintiff brought an action against a debt collector pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. After the suit was filed, the debt collector tendered a Rule 68 offer of judgment that would compensate the plaintiff for the maximum monetary damages available under the FDCPA. When the plaintiff did not accept the offer, the debt collector moved to dismiss the case as moot.

In ruling on the motion to dismiss, the district court correctly observed that the use of Rule 68 offers to moot cases was necessarily confined to a limited class of cases:

7

> It is clear that a Rule 68 offer can only moot a plaintiff's claim in circumstances where damages are absolutely determinate. Examples include cases where plaintiff's claim is for a fixed sum, or where, as is the case here, there is a statutory cap on damages.

*Id*. at 562 n.2. The court found that the FDCPA (like the TCPA herein) met this basic requirement. However, the court also had to consider another issue – whether the offer of judgment from the debt collector resolved all of the plaintiff's claims. To that end, the plaintiff argued that the offer of judgment did not address his claims for a declaratory judgment. The court rejected the argument, reasoning:

> Courts have uniformly held that injunctive relief is not available in private actions under the FDCPA. . . . Therefore, <u>it cannot be said that [the debt collector's] Rule 68 offer failed to afford complete relief on the basis that it did not provide declaratory relief, since that remedy was unavailable to plaintiff</u>.

*Id*. at 563 (*emphasis added*). Analogously, in this case, Goans' improperly broad request for injunctive relief is not a viable claim and, thus, need not be included in a valid offer of judgment.

Finally, the Court turns to the final argument raised by Goans, namely, that the offer of judgment does not afford complete relief because it does not address the potential damages that may arise if a class action is certified in this case. The issue of whether an unaccepted Rule 68 offer of judgment can moot a case involving class action allegations has been the subject of much litigation.

In *Hartis v. Chicago Title Insurance Co.*, 694 F.3d 935 (8th Cir. 2012), the plaintiffs brought claims on behalf of themselves and a putative class alleging overcharging (of $12) by the defendant Title Company. After the case was removed to federal court, the district court: (1) denied the plaintiffs' motion to remand the case to state court, (2) denied the plaintiffs' request for class certification, (3) denied the plaintiffs' motion to amend to add a claim for punitive damages, and (4) granted the Title Company's motion to dismiss following an unaccepted offer

8

of judgment. The plaintiffs appealed several of the district court's rulings, including the order granting the motion to dismiss. In affirming the dismissal, the court reiterated a basic rule:

> Judgment should be entered against a putative class representative on a defendant's offer of payment . . . where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and costs of the suit.

*Id*. at 949 (*quoting Alpern v. UtiliCorp. United, Inc.,* 84 F.3d 1525, 1539 (8th Cir.1996)).

In *Hartis* and *Alpern*, the offers of judgment came <u>after</u> the district court ruled on the request for class certification. Thus, the issue before the Court herein is whether the tender and rejection of an offer of judgment <u>prior</u> to the plaintiff asking for class certification changes the result. Under the facts of this case, the Court concludes it does not.

The Court (while acknowledging that there is a split among the Circuits) finds the reasoning of the Seventh Circuit in *Damasco v. Clearwater Corp.*, 662 F.3d 891 (7th Cir. 2011) to be persuasive. In *Damasco*, a plaintiff brought an action under the TCPA on behalf of himself and a putative class of individuals who received unsolicited cell phone text messages from the defendant. Prior to the plaintiff moving for class certification, the defendant offered to settle the case for an amount in excess of the maximum damages he could obtain under the TCPA. The plaintiff refused the settlement offer (which was not reduced to a formal Rule 68 offer of judgment). After the offer was refused, in rapid succession, (1) the defendant removed the case to federal court, (2) the plaintiff moved for class certification, and (3) the defendant moved to dismiss. After the district court dismissed the case, the plaintiff appealed.

On appeal, the plaintiff argued that the dismissal by the district court was improper because the case was not moot because the controversy remained live, in that:

(1) defendants should be prohibited from mooting a potential class action by buying off named plaintiffs through "involuntary" settlements,

9

> (2) the claim involved was "inherently transitory" – that is, bound to become moot before a class could be certified – such that the plaintiff's motion for certification should "relate back" to the filing of his complaint, and
>
> (3) the settlement offer was not made pursuant to Rule 68 which would have afforded the plaintiff 14 days to ask the court to certify the class and avoid mootness.

*Id*. at 893-94. The court rejected the arguments (the first two of which are relevant to this case).

With regard to the plaintiff's argument for an exception to the mootness doctrine for potential class action litigation, the *Damasco* court concluded that the Constitution provided no such flexibility:

> To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III. That the complaint identifies the suit as a class action is not enough by itself to keep the case in federal court. Even when a complaint clearly and in great detail describes the suit as a class action suit, if the plaintiff does not seek class certification, then dismissal of the plaintiff's claim terminates the suit. After [the defendant] made its offer, [the plaintiff's TCPA] case was over.

*Id*. at 896 (*citations omitted*). Moreover, the Court noted that the plaintiff's concerns about the possible "buy-off" of class action plaintiffs was easily ameliorated: "Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs." *Id*.[4]

The *Damasco* court also rejected outright any contention that the TCPA claims before it were inherently transitory.

---

[4] The Court further noted that even if plaintiffs have not fully developed facts supporting certification at the time of filing, "then then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Damasco*, 662 F.3d at 896.

> For a claim to be inherently transitory, uncertainty must exist over whether any member of the class would maintain a live controversy long enough for a judge to certify a class. As we have discussed, any class member following in [the plaintiff's] footsteps can avoid the barrier he now faces simply by moving to certify a class when filing suit. We discern no other obstacle that would moot a case like [the plaintiff's] before a judge could rule on certification.

*Id*. at 897 (*citations omitted*).

This Court adopts the rationale articulated by the *Damasco* court and, as such, finds that Goans' alleged TCPA claim became moot before any motion for class certification was made to this Court. Inasmuch as the TCPA is moot, the Court accordingly lacks subject matter jurisdiction over the claim.

While the Court adopts the reasoning of *Damasco* it also notes it would reach the same result under the contrary line of cases. The leading case in this regard is *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004). In *Weiss*, the court articulated a basic rule:

> <u>Absent undue delay</u> in filing a motion for class certification, therefore, where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint.

*Id*. at 348 (*emphasis added*). With regard to undue delay, there is no set formula for determining timeliness; however, the primary guidance appears to whether the plaintiff has had "a reasonable opportunity to compile a record necessary to support a motion for class certification." *Vega v. Credit Bureau Enters*. 2003 WL 21544258, op. at *2 (E.D.N.Y. July 9, 2003). *See also Morgan v. Account Collection Technology, LLC* , 2006 WL 2597865, op. at *8 (S.D.N.Y. Sept. 6, 2006); *Nasca v. GC Servs. Ltd. Partnership*, 2002 WL 31040647, op. at *2 (S.D.N.Y. Sept. 12, 2002).

In this case, Goans was first presented with an off of judgment on February 2, 2012. At that time, Goans' state court case had been pending for nearly two-and-one-half years, more than

11

Case 6:12-cv-00539-JTM   Document 52   Filed 09/26/13   Page 11 of 12

enough time for Goans to have compiled a record to support class certification. However, Goans did not then move for class certification. Nor did Goans move for class certification in response to Merchant Solutions' motion to dismiss filed in the state court on April 3, 2012. Nor did Goans move for class certification when refiling this case in federal court on May 11, 2012. Nor did Goans move for class certification when Merchant Solutions again made an offer of judgment on November 1, 2012. Nor did Goans move for class certification when Merchant Solutions filed its present motion to dismiss with the Court on December 17, 2012. Instead, Goans only moved for class certification on April 15, 2013 – over three-and-one-half years from initially instituting a "class action" suit against Merchant Solutions. The Court concludes that even if it followed the "relation back" line of cases (like *Weiss*), Goans' TCPA claim would still be deemed to be moot.

Inasmuch as Goans' present motion for class certification is based solely on the TCPA – the underlying TCPA claim of Goans being mooted, the Court denies class certification. *Anderson v. CNH U.S. Pension Plan*, 515 F.3d 823, 826 (8th Cir. 2008) ("In a class action, dismissal on mootness grounds normally is required when the named plaintiffs' claims become moot prior to a decision on class certification.")

In accordance with the foregoing analysis and reasoning, it is

**ORDERED** that Merchant Solutions motion to dismiss [Doc. 33] is **GRANTED** with respect to Goans' TCPA claim and **DENIED** with respect to the remaining conversion claim. Accordingly, it is further

**ORDERED** that Goans' motion for class certification [Doc. 42] is **DENIED**.

                                               */s/ John T. Maughmer*
                                                    **John T. Maughmer**
                                     **United States Magistrate Judge**